## WAYS RESERVED BY IMPLICATION.

### Common Pleas Court of Hamilton County.

### FANNIE HEBENSTREIT v. JOHN MUELLER ET AL.

### Decided, June 22, 1911.

*Easements and Ways of Necessity—Unaccepted Dedication of a Private Way to Public Use—Can Not be Recalled, When—Rights of Lot Owners in Such a Way Distinguished from Those of the General Public—Covenants Against Incumbrance Do Not Extinguish Such a Way.*

Where an owner of land has laid out and used a way over one parcel for the benefit of a second parcel, and he afterwards conveys both parcels by deeds of warranty to different parties, a right is reserved by implication to the grantees of the second parcel to use the way marked out over the first parcel notwithstanding the covenant against incumbrance, if such use is reasonably necessary to the use and enjoyment by them of their own property, formerly constituting the second parcel of the common grantor.

*Darby & Benedict,* for plaintiff.
*Philip & S. C. Roettinger,* contra.

CUSHING, J.

This action is brought by the plaintiff against John Mueller seeking to enjoin the defendant from closing up a roadway or street which the plaintiff claims to be hers as a way of necessity and also as an appurtenance to her land.

The record shows that on March 4, 1873, Nicholas Longworth platted a tract of land in the village of Lockland, Hamilton county, Ohio, and recorded the plat in Book 4, page 59, of the records of Hamilton county, Ohio; that said plat showed on its face Thomas street and lots 84, 85, 86, 87, 88, 89, 91, 92, 93 and 94; that thereafter and on or about the 14th day of December, 1888, the executors of Nicholas Longworth, deceased, conveyed to the defendant herein, John Mueller, all those certain lots and parts of lots in the town of Lockland, county of Hamilton and state of Ohio, lying between the Dayton Shortline Railroad and the East Fork of Millcreek, numbered 86, 87, 88, 91, 92, 93 and 94. On

the 20th day of December, 1888, Catherine L. Anderson conveyed in the same subdivision to John Mueller, lots 83 and 85 of Longworth Second Subdivision as recorded in Plat Book No. 4, page 59, of the records of Hamilton county, Ohio; that the defendant, John Mueller, acquired from Joseph Thoms on the 15th day of April, 1887, lot 84 of the Longworth Second Subdivision as recorded in Plat Book No. 4, page 59, as aforesaid; that at and prior to the dates of the said sales, Nicholas Longworth and his executors owned a tract of land adjoining and abutting lots 88 and 94 and Thomas street, of about three and 34-100 acres; that the executors of Nicholas Longworth transferred the three acres aforesaid to August P. Habenstreit on the 4th day of April, 1890; that for many years prior to and from the date of the said sales to about the year 1906, the owners of the three-acre tract and other property lying beyond, used a roadway across the subdivision of Nicholas Longworth as the only means of ingress and egress to said property. The property sold to the defendant Mueller was sold by lot number as above stated. In the year 1892 the defendant, John Mueller, subdivided the same property as Mueller's addition to Lockland, Ohio. In this subdivision Thomas street is ignored and Mueller's Lane is platted, extending from Benson street to a point within sixty-two feet of the property owned by the plaintiff and adjoining the Big Four Railway's right-of-way. This plat was duly acknowledged, recorded and accepted by the village council of the village of Lockland at a meeting held on the 24th day of May, 1902.

The plaintiff claims a right to use the property of the defendant Mueller for the purposes of a roadway as a means of ingress and egress to said property. She also claims that when she purchased the property in question, that Thomas street was appurtenant to her property and the only means of ingress and egress.

The defendant claims that his purchase of the property by lots in fee simple also gave him the title to the center of Thomas street and that as he is the owner of all the lots abutting upon Thomas street, he had the right to abandon Thomas street and close it. He also claims that the plat to Thomas street was not acknowledged, nor accepted by the village of Lockland, and never

became a street in the usual acceptance of the word; that the plaintiff has a right-of-way over Vine street in the town of Reading; that the towns of Reading and Lockland adjoin, and that the dividing line between them is the East Fork of Millcreek at the point in question.

I do not deem it necessary to consider the question of a right-of-way to the property by the way of Vine street in Reading. It is undisputed and the records show, that Vine street does not extend to the property of the plaintiff; that the defendant owns a small strip of land lying between Millcreek and the line of the property of this plaintiff.

The question then is, in view of the fact that when the heirs of Nicholas Longworth sold the property to the defendant by warranty deed, warranting it to be free and clear of all incumbrances whatsoever, whether or not the use that Longworth had made of this property for a right-of-way was thereby conveyed to the defendant, and whether the question of Thomas street being appurtenant to the land of the plaintiff is such a right in law as would give the plaintiff a right-of-way over the land of the defendant. It is conceded that neither the plaintiff nor her predecessor in title used the right-of-way for such a period, to-wit, twenty-one years, as would entitle them to a right by prescription. Therefore, if they have a right they must rely either upon its being a way appurtenant, or on the fact that the warranty given by the heirs of Nicholas Longworth did not in law cancel, as it were, the way that Longworth had over this property.

It is the law that when land is conveyed by metes and bounds all the land within the boundary, and no more, passes by the deed of grant. *Lockwood et al* v. *Wildman,* 13 Ohio, 430. One of the exceptions to this rule is that when lots are conveyed by numbers, the title transferred is a fee to the center of the street, subject, however, to the rights of the public and such other persons as have a vested interest in said street to use the street.

"An owner of property who makes a plat on which spaces are left indicating the dedication of roads or streets, and sells lots with reference to the plat, can not recall the dedication." Elliot on Roads and Streets, 3d Ed., Section 129.

There is a difference in law between the rights of the public and the rights of other lot and property owners to use such a street. The public would not have a right to use it except in case of an acceptance of the dedication.

"While the public right to use and control depends on the acceptance of the dedication to public uses, the private right of purchasers is acquired at the time of the purchase, and may precede the public right. The public authorities may never accept the dedication and yet the lot owners would be entitled to use the streets and alleys from the very time of their purchase." Elliot on Roads and Streets, 3d Ed., Section 129, Note 41.

When Mr. Longworth platted his second subdivision to the village of Lockland, he not only plainly marked Thomas street on said plat and sold lots to the defendant herein with reference to said street, but he made Thomas street appurtenant to the three-acre tract which he retained, and two years thereafter conveyed the same to Habenstreit. Mueller, therefore, purchased his property and acquired his rights with reference to Thomas street, and while it was not a dedication in the sense of setting it apart to public use, yet Mueller could not take any greater rights than Longworth intended to convey when he sold him the lots by numbers. Therefore, when Habenstreit subsequently purchased the three-acre tract he did so with reference to Thomas street and also with reference to the way that was used by Longworth, as will be hereafter discussed.

"It is not only those who buy land or lots abutting on a street or road laid out on a map or plat that have a right to insist upon the opening of the street or road; but where streets and roads are marked on a plat and lots are bought and sold with reference to the plat or map, all who buy with reference to the general plan or scheme disclosed by the plat or map, acquire a right in all the public ways designated thereon and may enforce the dedication." Elliott on Roads and Streets, 3d Ed., Section 132.

It is contended by counsel for the defendant that when Mr. Longworth sold the property to Mr. Mueller and gave him a warranty deed, that he warranted against all rights-of-way, easements or incumbrances whatsoever. This does not seem to be the law. The testimony in this case, as stated, is clear and undis-

puted that a way over this property had been used by Mr. Long-worth and Tangeman for many years prior to the making of the plat and the sales in question.

- Whatever may be the rule in other jurisdictions it is the law of Ohio that where a grantor has laid out, marked and used a way over his property for the benefit of other property, and he sells the part over which the way is thus marked and used, and if that way is reasonably necessary to the enjoyment of the property retained by him, that notwithstanding his warranty, he reserves a right-of-way over the property thus sold by him.

Syl. "Where an owner of a tract of land has made and maintained a private way over his land to a public highway, and such way is his only means of ingress and egress to his home, sells, and conveys to another a portion of it, lying on the public highway, and is thereby deprived of all access to the highway, except by the way he had previously constructed and maintained, and which passes through the granted part, and the facts were well understood by both parties at the time in such case, the way is reserved to the lands of the grantor by implication, although the deed contains a covenant against incumbrances."

Page 489:

"It is well settled, as a part of the common law of England, that if a man having a close, to which he has no access, except over his other lands, sells that close, the grantee shall have a way to it, as incident to the grant; for without it he can not derive any benefit from the grant. This rule has been established for two centuries, and seems not to have been questioned on the trial." Citing authorities. "And although doubts have formerly been expressed upon the subject, it seems now to be well settled, that, if the grantor had reserved that close to himself, and sold his other lands, a right-of-way would have been reserved. * * * The way, in the one case in contemplation of law is granted by the deed, and in other case reserved. And although it is called a way of necessity, yet in strictness the necessity does not create the way, but merely furnishes evidence as to the real intention of the parties." *Meredith* v. *Frank et al*, 56 O. S., 479-489.

In the Meredith case an action was brought to enjoin the owner of land from closing a way the plaintiffs claimed over his land. Samuel Meredith owned a tract of some three hundred

acres of land; about one hundred acres of it abutted the National Road in Licking county, Ohio.   Over this land and his other land he laid out a private way to his home.   Subsequently, he sold the one hundred-acre tract to William Meredith by a warranty deed.   Thereafter he sold a part of the remainder of his land to Frank and another part to S. Meredith.   William Meredith, the owner of the land adjoining the National Road, undertook to close the private way, claiming that when he purchased the land, his grantor gave him a warranty deed, and the private way over his lands for the benefit of the remaining lands of the grantor could not be maintained.   The common pleas court in that case found as a conclusion of law, that Samuel Meredith, the owner of the entire tract, in law had reserved a right-of-way over the lands granted to William Meredith, and that it was for the benefit of all his property, part of which was afterwards sold to Frank and part to Robert and John Meredith.   The Supreme Court of Ohio in that case found that there was no error in the record, and that the judgment of the common pleas court enjoining Meredith from closing the private right-of-way would be made perpetual.

In the case of *Baker* v. *Rice*, 56 O. S., 463, the court discussing a similar question, states the law to be:

"Where one who is the owner of a body of land, during his occupancy of it, constructs a private way over one part of it to another as a means of egress and ingress to the latter from his home and also to the public highway, which way is apparent, continually used, and reasonably necessary to the use and enjoyment of the land to which the way is constructed, and, also, adds materially to its value, conveys by deeds of the same date, the part with the way to it to one of his children and the part with the way over it to another one of them, each takes his part to be enjoyed with reference to the way as the same existed at the time of the division—the one with an implied grant of the way to it, and the other subject to such way as an easement therein."

The court in announcing the opinion in that case, at page 475, uses the following language:

"We think the law well settled in this state, whatever the decisions may be in some others, and they are far from being in

harmony, that where an estate is divided as was this one, each takes his part subject to or benefitted by such burthens as were openly and plainly attached to or imposed on it by the common owner in his use and enjoyment of the land at the time of the severance, and which on a severance would properly be termed easements or servitudes.''

On page 476, the same case, the court said:

''A grant of a thing will include whatever the grantor has power to convey, which is reasonably necessary to the thing granted.''

The conclusion in the case at bar is, that Mueller in purchasing the lots mentioned in his deed, took a fee simple title to the property to the center of Thomas street; that as against the public and the village of Lockland, the dedication of the street never having been accepted, Mueller would have the right to close the street; that Thomas street was laid out to and became appurtenant to the three-acre tract; that neither Mueller nor Longworth, had he owned the property, could close Thomas street, if it affected the rights of the plaintiff herein or her predecessor in title; that the way laid out and used by Longworth and Tangeman over this property, was marked and known to the defendant at the time he purchased the lots in question; that by the acts of the grantor a way was reserved from the property of the defendant herein for the benefit of the three-acre tract and the Tangeman property; that if the laying out of Thomas street was an expression of the intention of Mr. Longworth to abandon the way over the lots and along the railroad company's right-of-way, one or the other of the ways must be maintained and forever be open to the owner of the three-acre tract.

Therefore, an order will issue restraining the defendant herein from closing the way over his property to the nearest highway, the same to be for the use and benefit of the lands of plaintiff.